Michael J. McQuaid, Esq.
(Bar No. 95871)
W. George Wailes, Esq.
(Bar No. 100435)
Jeremy A. Burns, Esq.
(Bar No. 239917)
CARR, MCCLELLAN, INGERSOLL,
 THOMPSON & HORN
Professional Law Corporation
216 Park Road
P.O. Box 513
Burlingame, CA 94011-0513
Telephone: (650) 342-9600
Facsimile: (650) 342-7685
jburns@carr-mcclellan.com

Attorneys for Judgment Creditor
JANINA M. ELDER, TRUSTEE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br>SAND HILL CAPITAL PARTNERS III, LLC, a California limited liability company,<br>Debtor. | Chapter 7<br>No. 08-30989 TC |
| JANINA M. ELDER, Trustee of the Bankruptcy Estate of Sand Hill Capital Partners III, LLC, a California limited liability company, Debtor,<br>Plaintiff,<br>vs.<br>GARY THORNHILL, an individual,<br>Defendant. | Adv. Pro. No. 09-03109 TC<br>TRUSTEE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR ORDER OF CONTEMPT<br>**REDACTED VERSION** |

The Court should hold Gary Thornhill in contempt. He has failed to produce the documents the Court ordered him to produce on April 26, 2010, and has failed to appear for his Order of Examination. In addition, he has completely failed to respond to the written interrogatories the Court ordered him to respond to.

A.  **Factual Background**

On February 10, 2010, a judgment in the amount of $700,000 ("Judgment") was entered in favor of Trustee against Defendant Gary Thornhill ("Thornhill"). *Declaration of Jeremy A. Burns in Support of Application for Order of Contempt* ("Burns Decl.") ¶ 3. The judgment against Thornhill has not been paid, satisfied, vacated, reversed or barred by the statute of limitation. *Id.* at 4.

On April 26, 2010, the Court issued the following Order:

> IT IS ORDERED that Gary Thornhill shall provide the documents listed in Exhibit 2 to the Declaration of Jeremy A. Burns in Support of Application for Order of Examination and Written Discovery Pursuant to Rule 69 ("Burns Declaration") to the Trustee's attorneys at the address set forth above within 35 days of service. Gary Thornhill shall also respond to the interrogatories listed in Exhibit 3 to the Burns Declaration within 35 days of service. Finally, Gary Thornhill shall testify before this Court on June 4, 2010 in Courtroom 23 at 10:00 a.m.

*Id.*

On June 1, 2010, Greg Charles, Mr. Thornhill's attorney, contacted Mr. Burns. *Burns Decl.* ¶ 6. Mr. Charles requested that the Order of Examination be held outside of the Court. *Id.* In turn, Mr. Burns requested that the documents be produced the following week, and that the Order of Examination be held on June 23 or June 24 at Mr. Burns' offices. *Id.* Immediately after their phone conversation, Mr. Burns sent an email to Mr. Charles to memorialize their conversation. *Id.*; see also **Exhibit 1** thereto (June 1, 2010 email to Mr. Charles). Mr. Burns used his email address at gcharles@campeaulaw.com, which is the email address listed on the State Bar of California's website for Mr. Charles. *Id.*

On June 7, 2010, Mr. Burns sent an email requesting confirmation as to whether the 23rd or the 24th worked. *Burns Decl.* ¶ 7; see also **Exhibit 2** thereto (June 7, 2010 email to Mr. Charles). Mr. Burns also called Mr. Charles on June 8, 2010 and left him a voicemail message asking Mr. Charles to call him. *Id.*

On June 11, 2010, Mr. Burns sent an email to Mr. Charles complaining that he had failed to respond to Mr. Burns' emails requesting confirmation as to whether the 23rd or the 24th worked. *Burns Decl.* ¶ 8; see also **Exhibit 3** thereto (June 11, 2010 email to Mr. Charles). On June 18, 2010, Mr. Burns left another voicemail for Mr. Charles demanding that he call me

MPA ISO APP. FOR CONTEMPT

2

immediately to discuss the Order of Examination. *Id.* ¶ 9. On June 22, 2010, Mr. Burns sent an email to Mr. Charles advising him that Mr. Burns would request that the Court hold his client in contempt of Court. *Id.* ¶ 10; see also **Exhibit 4** thereto (June 22, 2010 email to Mr. Charles).

Finally, on June 30, 2010, Mr. Charles produced 12 pages of financial information pertaining to the Thornhill Financial Corporation. *Burns Decl.* ¶ 11.

After reviewing these documents and determining they were inadequate, Mr. Burns sent an email on July 8, 2010 advising Mr. Charles as such. *Burns Decl.* ¶ 12; see also see **exhibit 5** thereto (July 8, 2010 email to Mr. Charles).

Although to date he has produced no checking or banking records, ███████████████████████████████. *Burns Decl.* ¶ 13; see also **exhibit 6** thereto. ███████████████████. Attached as **exhibit 7** to the Burns Declaration is a copy of the Order of Examination with the document requests and special interrogatories personally served on Mr. Thornhill on May 5, 2010.

B. **Argument**

1. *The Court may issue an Order of Contempt against Mr. Thornhill*

As the Supreme Court has noted:

> The courts of bankruptcy are invested "with such jurisdiction in law and equity as will enable them" to "Cause the estates of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto...." 11 U.S.C. § 11(a)(7). And the function to "collect and reduce to money the property of the estates" is also laid upon the trustee. 11 U.S.C. § 75(a)(1). A correlative duty is imposed the bankrupt fully and effectually to turn over all of his property and interests ....11 U.S.C. § 25.

*Maggio v. Zeitz, supra*, 333 U.S. at 56, 61, 68 S.Ct. 401, 404, 92 L.Ed. 476, 482-483 (1948).

The Court should hold Mr. Thornhill in contempt. He has failed to produce documents as required by the Court's April 26, 2010 Order. The few documents he has produced are wholly inadequate. He has completely failed to respond to the interrogatories.

Mr. Thornhill's failure to produce his banking records is emblematic of his contempt. Document request number 5 seeks:

> All documents concerning bank accounts in which you have had an interest at any time during the past ten years including check registers, statements, or deposit or withdrawal receipts.

*Burns Decl.* exhibit 7. However, █████████████████████████████████████████████ ████████████████████████████████████████. *Burns Decl.* ¶ 13, exh. 6 (p. 100:1-4). In addition, ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████. *Id.* ( 99:21-25). He has produced no banking records.

"A party seeking a civil contempt order must prove by clear and convincing evidence that respondents have violated a court order." *CFTC v. Wellington Precious Metals, Inc.*, 950 F.2d 1525 (11th Cir. 1992)." *In re Spanish River Plaza Realty Co., Ltd.*, 155 B.R. 249, 253 (Bankr.S.D.Fla. 1993). That is the case here. Thornhill completely failed to respond to the interrogatories. Despite agreement, he failed to appear for the Order of Examination at the Trustee's firm's offices. His production of documents is inadequate.

As such, the burden shifts to Thornhill to explain why he was unable to comply with the Order. As the United States District Court for the Northern District of Illinois explained:

> Once the moving party makes a prima facie showing that the court order was violated, the burden shifts to the alleged contemnor to show a present inability to comply. *United States v. Rylander*, 460 U.S. 752, 76061, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983), citing *Maggio*, 333 U.S. at 75-76. This burden can only be surmounted by "coming forward with evidence in support of it." *Rylander*, 460 U.S. at 761. A "mere assertion of inability" will not suffice to show the factual impossibility of compliance. *United States v. Barnette*, 902 F.Supp. 1522 (M.D.Fla. 1995). Indeed, surmounting the burden requires the alleged contemnor to show, "categorically and in detail" why she was unable to comply with the Court's previous order. *Donovan v. Mazzola*, 716 F.2d 1226 (9th Cir. 1984), cert. denied, 464 U.S. 1040, 104 S.Ct. 704, 79 L.Ed.2d 169 (1984).

*In re Kademoglou*, 199 B.R. 35, 36 (N.D.Ill. 1996).

Thornhill will not be able to carry his burden. He has no excuse.

2. *Thornhill Should Be Sanctioned For Civil Contempt*

The Court should hold Thornhill in contempt of court and grant Elder compensatory monetary sanctions for the fees and costs she has incurred in bringing this motion.[1] "…civil contempt need not be willful to justify a discretionary award of fees and expenses as a remedial

---

[1] If Thornhill continues to disobey this Court's orders, this Court may order Thornhill incarcerated until he complies. See, *In re Spanish River Plaza Realty Co., Ltd.*, 155 B.R. 249, 254 (Bankr.S.D.Fla. 1993).

MPA ISO APP. FOR CONTEMPT

measure." *Perry v. O'Donnell*, 759 F.2d 702, 704 (9th Cir. 1985). "[A] sanction for 'civil contempt is characterized by the court's desire to ... compensate the contemnor's adversary for the injuries which result from noncompliance.' *Falstaff Brewing Co. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983)." *Crystal Palace Gambling Hall, Inc. v. Mark Twain Industries, Inc.*, (*In re Crystal Palace Gambling Hall, Inc.*), 817 F.2d 1361, 1366 (9th Cir. 1987). A compensatory contempt award is payable to the complainant, while a coercive award is payable to the court. *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986).

Compensatory awards are measured by the "actual loss sustained as a result of the contumacy." *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1148 (9th Cir. 1983). "Actual damages are broadly construed to embrace consequential damages ...." *Henry v. Associates Home Equity Services, Inc.*, 266 B.R. 457, 477 (Bankr. C.D.Cal. 2001) "[T]he cost of bringing the violation to the attention of the court is part of the damages suffered by the prevailing party ...." *Perry v. O'Donnell, supra*, 759 F.2d at 705. Here, the attorneys' fees that Elder incurred in bringing this motion, responding to Thornhill's reply, and attending the hearing on the motion will be the measure of the actual loss that Elder sustains. This figure cannot be determined until the hearing has been held. Consequently, Elder is requesting the Court to award reasonable attorneys' fees according to proof to be submitted after the hearing.

C. **Conclusion**

The Court should hold Thornhill in contempt. He has failed to produce the documents the Court ordered him to produce on April 26, 2010. He has failed to make himself available for the Order of Examination, despite *his* request that the examination be held at the offices of the Trustee's attorneys, which request the Trustee granted. He has failed to respond to the written interrogatories the Court ordered him to respond to. He is in contempt.

Dated: July 23, 2010

CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
Professional Law Corporation

By: _____/s/ Jeremy A. Burns_____
Jeremy A. Burns
Attorneys for Judgment Creditor
JANINA M. ELDER, TRUSTEE