Michael J. McQuaid, Esq.
(Bar No. 95871)
W. George Wailes, Esq.
(Bar No. 100435)
Jeremy A. Burns, Esq.
(Bar No. 239917)
CARR, MCCLELLAN, INGERSOLL,
 THOMPSON & HORN
Professional Law Corporation
216 Park Road
P.O. Box 513
Burlingame, CA 94011-0513
Telephone: (650) 342-9600
Facsimile: (650) 342-7685
jburns@carr-mcclellan.com

Attorneys for Judgment Creditor
JANINA M. ELDER, TRUSTEE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>SAND HILL CAPITAL PARTNERS III, LLC, a California limited liability company,<br><br>Debtor. | Chapter 7<br><br>No. 08-30989 TC |
| JANINA M. ELDER, Trustee of the Bankruptcy Estate of Sand Hill Capital Partners III, LLC, a California limited liability company, Debtor,<br><br>Plaintiff,<br><br>vs.<br><br>GARY THORNHILL, an individual,<br><br>Defendant. | Adv. Pro. No. 09-03109 TC<br><br>TRUSTEE'S UPDATE RE MR. THORNHILL'S DOCUMENT PRODUCTION |

In advance of the Court's September 24, 2010, Contempt Hearing, Janina M. Elder, Trustee of the bankruptcy estate of Sand Hill Capital Partners III, LLC ("Trustee") wishes to update the Court on Mr. Thornhill's continued failure to comply with the Court's orders. Despite the fact that the Court ordered Mr. Thornhill to produce responsive documents two weeks prior to the contempt hearing, he has failed to do so. He has now resorted to threatening

the Trustee's counsel.

Approximately five months ago, on April 26, 2010, the Court first ordered Mr. Thornhill to produce documents responsive to a series of documents requests propounded by the Trustee. *Declaration of Jeremy A. Burns in Support of Trustee's Update re Mr. Thornhill's Document Production ("Burns Decl.")* ¶ 3. He requested, and Trustee agreed, to conduct the examination out of court in mid-July. *Id.* He provided no objections to the requests, nor did he claim he did not have responsive documents. *Id.*

After Mr. Thornhill failed to produce documents and make himself available for an order of examination, the Trustee brought an application for contempt. *Burns Decl.* ¶ 4. On August 13, 2010, the Court again ordered Mr. Thornhill to produce documents responsive to 47 document categories by Friday, September 10, 2010. *Id.* The express purpose of the September 10, 2010 deadline was to allow the Trustee's attorneys two weeks to scrutinize his anticipated document production to allow for a meaningful and complete examination. *Id.* The Court provided that:

> On or before September 10, 2010, Defendant shall provide to Plaintiff's counsel all documents in his possession, custody, or control that are responsive to Plaintiff's Request for Production of Documents dated April 19, 2010 (the Document Request) (Exh. 2 to Decl. of Jeremy A. Burns in Support of Application for Order of Examination and Written Discovery).

*Order Directing Defendant Gary Thornhill to Appear and Show Cause Why He Should Not be Held In Contempt* (Dkt No. 35). As explained below, Mr. Thornhill has, again, flouted the Court's April 26, 2010 and August 13, 2010 Orders.

Having received nothing on September 10, 2010, Mr. Burns wrote to Mr. Thornhill's attorney that evening demanding an update on the status of the document production. *Burns Decl.* ¶ 5. Mr. Thornhill's attorney responded that evening that documents would be produced shortly. *Id.*

On September 14, 2010, four days after the deadline, Mr. Thornhill produced a pithy collection of financial statements for his corporation. *Burns Decl.* ¶ 6. He did not claim that he did not have responsive documents, such as account statements. Rather, he said that "[y]ou have lists of all accounts and all assets." *Id.* There were no original source materials, only summary

information for the corporation. *Id.* For example, there were no personal records, no bank records, no financial statements, and no personal tax returns. *Id.* To name just a few of the requests, they call for documents concerning partnerships, personal bank accounts, loans, contracts, monies owed, agreements, ledgers, financial statements, loan applications, accountants' work papers, and tax returns. *Id.* On September 15, 2010, Mr. Burns wrote Mr. Thornhill's attorney objecting to the limited nature of the production.

This was not the first time Mr. Thornhill has refused to provide anything other than scant summary information about his corporation. *Burns Decl.* ¶ 7. On July 8, 2010, Mr. Thornhill made a similar, unsatisfactory, production. *Id.* Mr. Burns raised the exact same objections. *Id.* Despite the passage of another two months, another Court order, and an order to show cause regarding contempt, Mr. Thornhill has not come any closer to compliance with his legal obligations.

Mr. Thornhill previously disregarded his discovery obligations during the underlying litigation of this matter. *Burns Decl.* ¶ 8. On November 30, 2009, W. George Wailes sent a letter to Mr. Charles complaining that Mr. Thornhill had "delayed production of documents for many months. *Id.*; see also Exhibit 4 thereto. Mr. Wailes raised this issue before this Court on December 4, 2009 ("Mr. Charles continues to promise that we would receive the documents responsive to the subpoenas promptly.").

On the evening of September 20, 2010, Mr. Burns received an email from Mr. Charles asserting for the first time that the Trustee did not follow the proper procedure regarding the examination and threatening some sort of proceeding against the Trustee's attorney if he did not "rethink" his position based on the assertion that Mr. Thornhill was not properly served. *Burns Decl.* ¶ 9; see also Exhibit 6 thereto. First, the email is incorrect. Mr. Thornhill <u>was</u> personally served. *Id.* (Exhibit 7 a copy of the proof of personal service made upon Mr. Thornhill) (filed, <u>and available in the Court's docket</u> as Exhibit 7 to the *Declaration of Jeremy A. Burns in Support of Motion for Contempt* (Dkt. No. 30, Exh. 7, pt. 4 of 4). Moreover, Mr. Charles' previously represented that Mr. Thornhill would appear for an order of examination at Mr. Burns' offices in mid-July, which agreement Mr. Burns confirmed via email on June 1, 2010. *Declaration of*

*Jeremy A. Burns in Support of Motion for Contempt*, Exh. 1 (Dkt. No. 30). Nor did he raise this issue before the Court on August 13, 2010, when Mr. Charles stipulated to the Court's order. As the Court explained, "Gregory J. Charles appeared for Defendant. Upon due consideration, and pursuant to stipulation of counsel to entry of the following order terms…" (Dkt. No. 35.)

Mr. Thornhill remains in contempt of Court. The Order of Examination should not proceed without a full production of documents, and sufficient time for the Trustee's counsel to scrutinize them. The Court should hold Mr. Thornhill in contempt until such time as he complies with the Court's orders and produces the documents the Court has now twice ordered him to produce. After that happens, Mr. Thornhill must submit to a full and fair debtor's examination.

Finally, the Court's August 13, 2010 Order specifies that the Trustee is entitled to her attorneys' fees. To date, Mr. Burns has spent 13.9 hours drafting the contempt application, the supporting declaration, and this update. My hourly rate in this case is $300 per hour. Therefore, the total value of my time spent to date is $4,170.

Dated: September 22, 2010

CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
Professional Law Corporation

By: _____/s/ Burns_____
Jeremy A. Burns
Attorneys for Judgment Creditor
JANINA M. ELDER, TRUSTEE

26630-06133\iManage\3326287.1

TRUSTEE'S UPDATE RE MR. THORNHILL'S DOCUMENT PRODUCTION

Case: 09-03109    Doc# 37    Filed: 09/22/10    Entered: 09/22/10 14:50:42    Page 4 of 4